UNITED STATES, Appellee

v

CHARLES S. ROBERTSON, III, First Lieutenant,
U. S. Air Force, Appellant

8 USCMA 421, 24 CMR 231

No. 9737

Decided November 15, 1957

*Major Dwight R. Rowland* argued the cause for Appellant, Accused. With him on the brief was *Lieutenc:.: Colonel Ellis L. Gottlieb*.

*Major Fred C. Vowell* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Francis P. Murray*.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused pleaded guilty to petty larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. Before his plea was entered, a motion to dismiss the charge and its specification was made in his behalf on the ground that his status as a person subject to court-martial jurisdiction had terminated. The law officer denied the motion. The accused was sentenced to pay a fine of $500, and, in·the event the sum was not paid within ten days, to serve confinement at hard labor for a period not to exceed three months and to be dismissed. The convening authority approved only so much of the sentence as provided for the payment of the fine, and the board of review affirmed. In the interval between his trial and the action of the convening authority, the accused was released from active duty under honorable conditions. The Judge Advocate General of the Air Force has certified these two questions:

"Was the Board of Review correct in its determination that the court-martial had jurisdiction to try the accused?

"If the foregoing question is answered in the affirmative, was the Board of Review correct in its determination that jurisdiction to complete appellate processes in this case was not lost by reason of the fact that the accused had been released from active duty under honorable conditions prior to action under Article 64 having been taken on his case by the convening authority?"

The first certified question is presented by the defense motion to dis-

miss at trial, which was supported by a copy of special orders dated June 5, 1956, directing the accused's honorable release from active duty on June 26, 1956—three days before the date upon which he committed the larceny. These orders on their face returned him to the status of a reserve officer after a two-year tour of active duty. It is not disputed that they were regular in every respect. However, prior to June 26, 1956, the accused was hospitalized, and this status continued through the scheduled release date. On June 28, 1956, a second set of orders concerning the accused was issued, the regularity of which is not challenged, in which his prior date of release was revoked and the date set ahead some twelve days. These latter orders were promulgated one day prior to the time the accused committed the offense charged. Witnesses for the Government from the base personnel office, the agency responsible for the issuance of the accused's separation orders, testified that his release date was changed by reason of his patient status. This action is claimed to have been required and validly taken under authority of 10 USC § 8446, which reads:

"Retention on active duty

"Notwithstanding any other provision of law, the President shall retain on active duty any disabled officer who has only a temporary appointment, until his physical condition is such that he will not be further benefited by retention in a military hospital or in the Air Force."

Appellate defense counsel contend that the initial order of release became final and operated by its own terms to release the accused from military control three days before he committed the offense with which he was charged. This argument is based upon the supposition that, because the Government failed to issue its order of revocation before the date upon which the accused's first release was to take effect, it lost the right to deal with his status.

The Government answers that contention by first asserting that the ac-cused went through no regular process of separation, and for this reason a necessary predicate to his release is missing. However, that point need not be reached in this case unless the mandatory language of 10 USC § 8446, supra, is to be disregarded—a circumstance we do not contemplate. It is clear that by force of that statute, the period of accused's active service was extended beyond the date fixed by the original orders for his honorable release. As a patient in a military hospital and as an officer with a temporary appointment, the statute became operative as to the accused on the date he was hospitalized and required his retention on active duty until a determination was forthcoming from competent medical military authority that he would not be further benefited by retention in a military hospital or in the Air Force. The evidence is undisputed that no such determination had been made prior to the time the second order had been issued and particularly before the offense was committed. As a matter of fact, the record suggests that the accused actively sought to avoid any break in service. On June 27, 1956, he telephoned the officers' records section from the hospital asking that that office prepare and have ready for him a request for the issuance of the new set of orders, which on the next day he went to the office and received. He then handcarried it to the Budget and Accounting office for an appropriation number and to the Adjutant for publication. Upon this state of facts, it is clear that the statute rendered the first selected date ineffective and that there was not even a momentary hiatus in military jurisdiction over the accused. It follows that the first certified question must be answered in the affirmative.

The case of United States v Speller, 8 USCMA 363, 24 CMR 173, is dispositive of the second certified question. There it was decided that once court-martial jurisdiction attaches, it continues until appellate processes are completed, despite the accused's intervening honorable separation from active duty.

Therefore, the second certified question is also answered in the affirmative.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

I dissent for the reasons set out in my dissent in United States v Speller, 8 USCMA 363, 24 CMR 173.