UNITED STATES, Appellee

v

JOSEPH W. LOUGHERY, Acting Sergeant, U. S. Marine Corps, Appellant

12 USCMA 260, 30 CMR 260

No. 14,387

Decided April 7, 1961

Captain John P. Gibbons, USN, argued the cause for Appellant, Accused.
    Lieutenant John W. Boult, USNR, argued the cause for Appellee, United States.

HOMER FERGUSON, Judge:

This is a rehearing by special court-martial in which the accused was found guilty of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and missing movement, in violation of Code, supra, Article 87, 10 USC § 887. He was sentenced to bad-conduct discharge, confinement at hard labor for one month, forfeiture of $20.00 for one month, and reduction to the grade of private. The convening authority approved only so much of the sentence as provided for bad-conduct discharge and reduction. Other intermediate appellate authorities affirmed, and we granted accused's petition for review on issues dealing with the sufficiency of the evidence to establish his guilt of missing movement; whether a rehearing was authorized in his case in view of certain conclusions reached by the staff judge advocate in his review; and whether it was prejudicially erroneous to admit in evidence an extract from accused's service record which tended to establish his absence without leave but also referred to a prior non-judicial punishment for another absence and his elimination from a service language course for lack of application.

Following our grant of review, the accused submitted a request for remission of his bad-conduct discharge and separation from the service on the ground of hardship. On November 16, 1960, the Secretary of the Navy remitted the punitive discharge and directed accused's administrative separation. The accused was subsequently discharged from the Marine Corps under honorable conditions.

In my opinion, the record before us reflects the existence of prejudicial error which requires reversal and dismissal of the charges. The Chief Judge does not join in this view but, as set forth in his separate opinions in United States v Robertson, 8 USCMA 421, 24 CMR 231, and United States v Speller, 8 USCMA 363, 24 CMR 173, believes that the proceedings have been abated by accused's separation under honorable conditions. In view of the circumstances and in order to effect a practicable disposition of the case, he concurs in the reversal and the dismissal of the charges. Judge Latimer is of the separate opinion that the ends of justice would best be served by dismissal of the petition for review, for it is his view that the rights of the parties were fixed by their mutual agreement and should not be changed by our disposition. Were he to reach the merits, he would find no error harmful to the substantial rights of the accused. No law can come from discussion of the basis of our respective concepts, and there is no need unduly to lengthen this opinion merely to set forth our reasoning.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The charges are ordered dismissed.

Chief Judge QUINN and Judge LATIMER concur.