UNITED STATES, Appellee

v

GEORGE A. ENTNER, Private, U. S. Army, Appellant

15 USCMA 564, 36 CMR 62

No. 18,553

December 23, 1965

*Captain Frank J. Martin, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Jacob Hagopian*.

*Lieutenant Colonel Francis M. Cooper* argued the cause for Appellee, United States. With him on the brief was *Captain Charles M. Pallesen, Jr.*

## Opinion of the Court

FERGUSON, Judge:

Arraigned and tried before a general court-martial convened at Fort Lewis, Washington, the accused was found guilty of two specifications of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886. He was sentenced to bad-conduct discharge, forfeiture of all pay and allowances, and reduction. The convening authority approved the sentence and forwarded the case for review by a board of review. The board affirmed, and we granted the accused's petition for review upon the issue:

"Whether the Administrative Discharge terminated the court-martial proceedings."

On June 15, 1964, the convening authority took his action upon the record approving the sentence, including the bad-conduct discharge. The case was forwarded for further review by a board of review. On June 30, 1964, the record was received by the office of The Judge Advocate General. On July 6, 1964, it was referred to Board of Review Number 3. On July 16, 1964, while the case was pending before the board, the convening authority, in a supplementary action, remitted all of the accused's sentence in excess of reduction. On the same day, the accused was administratively discharged from the service, pursuant to the provisions of Army Regulations 635–208, April 8, 1959. It is this *administrative* discharge which is urged upon us as ending appellate jurisdiction over the accused, vitiating his conviction, and requiring us to dismiss the *judicial* proceedings against him.

We have repeatedly held the contrary in a number of cases. Once jurisdiction attaches, it continues until the appellate processes are complete. United States v Robertson, 8 USCMA 421, 24 CMR 231; United States v Speller, 8 USCMA 363, 24 CMR 173. Here, appellate jurisdiction over accused's case attached because of the sentence to a punitive discharge when it was referred to the

board of review. The subsequent disapproval of that discharge could not serve to divest the board of its authority and responsibility to hear the case, nor indeed of this Court to act therein. United States v Robertson, supra; United States v Speller, supra. See also United States v Green, 10 USCMA 561, 28 CMR 127; United States v Doherty, 10 USCMA 453, 28 CMR 19; United States v Loughery, 12 USCMA 260, 30 CMR 260; and United States v Bull, 12 USCMA 514, 31 CMR 100. And the fact that accused was, on the same day, administratively separated from the service, is not a matter within our jurisdiction. United States v Bull, supra; United States v Speller, supra; United States v Phipps, 12 USCMA 14, 30 CMR 14; United States v Middleton, 12 USCMA 54, 30 CMR 54.

The cited precedents to this effect are well established, and we are not persuaded they should now be disregarded. The arguments advanced by appellate defense counsel were considered when the earlier cases were decided and gain no additional force by their repetition here. It may be that the administrative discharge process has been abused by the armed services, but that is a matter for legislative concern and not something over which we may exercise judicial power. See Code, supra, Articles 66, 67, 10 USC §§ 866, 867, and United States v Phipps, supra. We adhere to our previous holding that the administrative separation of an individual convicted by court-martial has no effect on the course of his case through judicial channels.

The decision of the board of review is affirmed.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):
I adhere to my original view that an administrative discharge abates pending criminal proceedings and entitles the accused to restoration of all rights and benefits of which he was deprived. See my opinion in United States v Speller, 8 USCMA 363, 24 CMR 173, and United States v Keeler, 10 USCMA 319, 27 CMR 393. I would dismiss the charges.