UNITED STATES, Appellee

v

HARRY DAVID MYERS, Formerly Lance Corporal, U. S. Marine Corps, Appellant

20 USCMA 269, 43 CMR 109

No. 23,113

January 15, 1971

*Lieutenant Allen D. Black,* JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant Wayne E. Babler, Jr.,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Charles J. Keever,* USMC, and *Commander Michael F. Fasanaro, Jr.,* JAGC, USN.

## Opinion of the Court

QUINN, Chief Judge:

Reviewing the accused's conviction by a general court-martial, the United States Navy Court of Military Review dismissed all but two of the offenses found on the ground that the circumstances of the commission of those offenses removed them from court-martial jurisdiction under O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), and United States v Borys, 18 USCMA 547, 40 CMR 259 (1969). Impressed by the accused's "good service" record and "fine record in civilian life," the court affirmed only so much of the sentence as provided for reduction, forfeiture of pay, and confinement at hard labor for one year. We granted further review to consider various allegations of error in the proceedings against the accused, both at trial and before the Court of Military Review.[1]

The two offenses affirmed below are a twelve-day unauthorized absence, to which accused pleaded guilty, and wrongful possession of "fragments" of marihuana, to which the accused pleaded not guilty. Several of the assignments of error deal with the validity of the findings of guilty of the marihuana offense; others challenge the validity of the entire proceedings. So far as the latter are concerned, suffice it to note that our scrutiny of the trial proceedings satisfies us they do not indicate that the law officer abandoned his position as judge to assume the role of Government advocate, and they otherwise satisfy the requirements of a fair trial. See United States v Bishop, 11 USCMA 117, 28 CMR 341 (1960). As to the alleged errors affecting the marihuana offense, we conclude that the accused's arrest was not justified, with the result that a search of his person incident to the arrest and the seizure of a cigarette containing "fragments" of marihuana were illegal.

During a routine patrol at Camp Lejeune, Corporals Fens and Stokes noticed some figures in a wooded area at a river bank. They stopped their vehicle to investigate. With Fens moving in from the right and Stokes from the left, they approached the area. As they "broke in" on the group, they saw three persons. The accused was seated on the ground at Fens' left; the other two were standing, one in front of Fens and the other to his right. Stokes asked the men "what they were doing"; they replied they were "just talking" and "just looking at the bay." Fens "went behind" the man on his right and started "searching the brush." According to Fens, he found six hand-rolled cigarettes, which he described as "refers [reefers]." Immediately, he informed the accused and his companions that they were "under military apprehension" for "suspicion of having these refers" or "have dangerous drugs." Fens further testified that he also warned the accused and the others of their right to remain silent under Article 31, because he "suspected them" of possession of the cigarettes he had found.

Possession means more than being where the action is; it involves the ex-

---

[1] Subsequent to service upon the accused of the decision of the Court of Military Review and before the accused appealed to this Court, he was separated from the Marine Corps. In my view, this action by the Government terminated the court-martial proceedings against the accused. See my dissent in United States v Speller, 8 USCMA 363, 24 CMR 173 (1957), and United States v Entner, 15 USCMA 564, 36 CMR 62 (1965).

ercise of dominion and control over the thing allegedly possessed. ▮▮▮ United States v Romano, 382 US 136, 15 L Ed 2d 210, 86 S Ct 279 (1965); Fitzpatrick v United States, 410 F2d 513 (CA 5th Cir) (1969). By its "very nature" possession is "unique" to the possessor and it is not enough to place him in the presence of other persons having possession to impart possession to him. Commonwealth v Reece, 437 Pa 422, 263 A2d 463, 466 (1970). Recognizing that the appearance of the cigarettes may have had more meaning to Fens as a trained police officer than it might have had to a layman[2] (Davis v United States, 409 F2d 458 (CA DC Cir) (1969), certiorari denied, 395 US 949, 23 L Ed 2d 469, 89 S Ct 2031 (1969)), we may assume, without deciding, that Fens had reasonable cause to believe that the cigarettes contained marihuana or a dangerous drug, but nothing in his or Stokes' testimony provides probable cause to believe that the accused retained, or had had, dominion and control over the cigarettes found in the brush. Acknowledging the officer's expertness in regard to the probable nature of the cigarettes does not establish the requisite connection of the cigarettes with the accused. Fens admitted he had no more than "suspicion" that the three men in the area had contraband. He gave concrete expression to the tentativeness of his feeling as to possession by advising the accused and his companions that they were only "suspected" of possession of a prohibited substance. Neither suspicion nor intuition provide probable cause to effect an arrest. Burks v United States, 287 F2d 117 (CA 9th Cir) (1961); Lathers v United States, 396 F2d 524, 531 (CA 5th Cir) (1968); United States v Brown, 10 USCMA 482, 28 CMR 48 (1959); United States v Battista, 14 USCMA 70, 33 CMR 282 (1963). We conclude, therefore, that the search of the accused's clothing, which was made at the scene, and the seizure of the cigarette from the accused's shirt pocket were illegal.

The decision of the Court of Military Review is reversed as to Charge IV, specification 2, and the sentence. Since the record manifests the unavailability of other competent evidence of guilt, Charge IV, specification 2, is ordered dismissed. United States v Thomas, 16 USCMA 306, 308, 36 CMR 462 (1966). The record of trial is returned to the Judge Advocate General of the Navy for submission to the Court of Military Review for reassessment of the sentence on the basis of the remaining charge to which the accused pleaded guilty.

Judge FERGUSON concurs.

DARDEN, Judge (dissenting):

I would affirm the findings and sentence in this case, for I consider the search of the appellant's person an incident of his arrest for which there was probable cause.

A military police patrol may reasonably be expected to investigate a gathering of persons in an on-base wooded area. Discovery of the contraband cigarettes at the feet of Myers and his companions in this area constituted probable cause for the appellant's arrest. Reasonable suspicions are raised to the level of probable cause by the existence of circumstances such as those in this case. (United States v Lewis, 362 F2d 759 (CA 2d Cir) (1966).)

---

[2] The law officer instructed the court members that the term "reefer" had no "criminal connotation," but was merely descriptive of the cigarettes found by Officer Fens.