UNITED STATES, Appellee,

v.

Patrick A. JACKSON, Private, U. S. Marine Corps, Appellant.

No. 32,092.
NCM 75–2486.

U. S. Court of Military Appeals.

May 31, 1977.

*Lieutenant Robert R. Sparks, Jr.*, JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant Steven D. Moore*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress*, USMC.

Opinion of the Court

COOK, Judge:

A special court-martial convicted the appellant of communicating a threat, and he was sentenced to confinement at hard labor for 1 month, forfeiture of $200 per month for 1 month, and a bad-conduct discharge. The convening authority approved the sentence, but suspended the punitive discharge for the period of confinement and 1 year thereafter. His action was approved by the supervisory authority and affirmed by the United States Navy Court of Military Review. We granted review to determine whether the convening authority was disqualified from taking any post-trial action in the case.

During oral argument before this Court, the defense counsel noted that the appellant had been administratively discharged from the service. That circumstance led to some discussion as to whether the discharge divested the Court of jurisdiction. On several occasions, the Court has held that "[o]nce jurisdiction attaches, it continues until the appellate processes are complete," and, therefore, jurisdiction is not lost when an accused is administratively discharged while his case is pending before an appellate court. *United States v. Ent-*

*ner,* 15 U.S.C.M.A. 564, 36 C.M.R. 62 (1965); *accord, United States v. Bull,* 12 U.S.C.M.A. 514, 31 C.M.R. 100 (1961); *United States v. Speller,* 8 U.S.C.M.A. 363, 24 C.M.R. 173 (1957). Caselaw, therefore, demonstrates that our jurisdiction is soundly based.

Evidence of record reflects that Lance Corporal Spicer and Lance Corporal Snow, military policemen, participated in an apprehension of the appellant on June 1, 1975. On the night of June 2, the appellant approached a table located in an enlisted members' club which was occupied by Lance Corporal Spicer, Lance Corporal Snow, and Private First Class Snow, wife of Lance Corporal Snow. As he passed, he uttered words which gave rise to the charge of communicating a threat. Lance Corporal Spicer and Lance Corporal Snow testified to appellant's utterance of the language charged. Snow's wife testified she had not heard some portions of appellant's remarks, but she did hear him utter a threat, after Lance Corporal Spicer had departed the area. She admitted she had been under some "pressure" from various people as to the nature of her testimony.

█ In a post-trial affidavit Major Zike, the provost marshal during the times in question, stated he had summoned Lance Corporal Snow to his office on the day of trial. He was concerned because he had received information from an unnamed military policeman to the effect that Snow's wife was attempting to persuade Snow to change his testimony. Major Zike acknowledged that he was angry and told Snow he would go to jail if he committed perjury, and that "if his wife committed perjury, she could be the first woman on the base to go to jail." Zike disclaimed any attempt to discuss the details of the prospective testimony of the Snows, but he admonished Snow to tell the truth and to so advise his wife. Subsequent to these events, Zike became commander of the special court-martial command and, as such, approved the findings and sentence of the court-martial.

Recently in *United States v. Reed,* 2 M.J. 64, 68 (1976), the Court observed:

The test for determining whether a convening authority has become an accuser is whether he "was so closely connected to the offense that a reasonable person would conclude that he had a personal interest in the matter." *United States v. Gordon,* 1 U.S.C.M.A. 255, 261, 2 C.M.R. 161, 167 (1952), quoted in *Brookins v. Cullins,* 23 U.S.C.M.A. 216, 218, 49 C.M.R. 5, 7 (1974). Thus, a convening authority is disqualified when his conduct is of a personal rather than an official nature.

Government counsel perceive Major Zike's conduct in this case as indicative of nothing more than a concern over the possibility of perjury. Standing alone, such a concern would not be disqualifying. However, Major Zike's involvement transcended an expression of concern. He candidly admitted he was angry; and he communicated his anger in very dramatic terms on the very day of trial to an important Government witness, who was also his subordinate. Under the circumstances we are constrained to conclude that his involvement was of a personal rather than a purely official nature.

The decision of the United States Navy Court of Military Review is reversed. While an error of this nature would normally warrant remand for a new review and action, we deem the termination of the proceedings to be more appropriate in view of the appellant's discharge from the service. *See United States v. King,* 2 M.J. 4 (1976); *see generally United States v. Aletky,* 16 U.S.C.M.A. 536, 37 C.M.R. 156 (1967). Accordingly, we set aside the findings of guilty and the sentence and order the charge dismissed.

Chief Judge FLETCHER and Judge PERRY concur.