UNITED STATES, Appellee,

v.

Chief Warrant Officer Two Tony
MOORE, 562–04–5846, United
States Army, Appellant.

ACMR 8900114.

U.S. Army Court of Military Review.

31 Dec. 1990.

For Appellant: Captain Brian D. Bailey, JAGC, Captain Edward T. Keable, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

OPINION OF THE COURT

GRAVELLE, Judge:

Pursuant to his pleas, appellant was convicted of four specifications of making and uttering worthless checks and of false swearing, in violation of Articles 123a and 134, 10 U.S.C. §§ 923a and 934 (1982). A panel of officers sentenced the appellant to dismissal,[1] a reprimand and a fine of one thousand dollars. The convening authority approved the adjudged sentence.

When this case was originally submitted to this Court, the appellant asserted several errors pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). One of the asserted errors claimed that the record contained no evidence that the appellant's request for resignation in lieu of court-martial had been forwarded to the convening authority. We specified the following issue:

WHETHER APPELLANT'S REQUEST FOR "RESIGNATION IN LIEU OF COURT–MARTIAL WAS PROCESSED AND FINALLY ACTED UPON PRIOR TO FINAL ACTION BY THE CONVENING AUTHORITY IN ACCORDANCE WITH PROCEDURAL REQUIREMENTS OF *UNITED STATES V. WOODS*, 26 M.J. 372 (C.M.A.1988).

From appellate briefs and supporting affidavits filed in response to the specified issues, we were unable to determine the facts surrounding the appellant's "attempt" to resign in lieu of court-martial. We did conclude that the appellant certainly intended that such a request be submitted to and acted upon by the convening authority and forwarded to Headquarters, Department of the Army (HQDA) for final decision. We also determined that the request did not come to the attention of the convening authority and was never submitted to HQDA. By memorandum opinion, we set aside the action of the convening authority and ordered the record returned to the same convening authority for further processing in accordance with our opinion. *United States v. Moore*, ACMR 8900114 (A.C.M.R. 30 March 1990) (unpub.). We ordered:

Upon receipt of the record of trial, the convening authority shall either ascertain the disposition of the appellant's request for resignation in lieu of court-martial, and, if located, act on same; or, in the alternative, the convening authority shall provide appellant the opportunity to submit a new request for resignation in lieu of court-martial. If the original request is found or if appellant, after given the opportunity, chooses to submit a new request, the convening authority shall process it in accordance with the provisions of AR 635–120 and shall hold his action on this case in abeyance pending final disposition of appellant's request by HQDA. If appellant's request for resignation is disapproved by HQDA, the convening authority may then proceed to take final action on this case. Conversely, approval of the resignation by HQDA will result in appellant's administrative discharge from the Army and require that the findings of guilty and the sen-

1. The appellant is a commissioned warrant officer.

tence be set aside and the charges and specifications be dismissed.

*Id.*, slip op. at 4.

In compliance with this Court's order, the appellant was afforded the opportunity to submit a new request for resignation in lieu of court-martial. The appellant submitted a new request which was forwarded to HQDA with recommendations of the chain of command. On 17 July 1990, the Deputy Assistant Secretary of the Army (DA Review Boards and Equal Employment Opportunity Compliance and Complaints Review) denied the appellant's request for resignation in lieu of court-martial. Thereafter, on 14 August 1990, the convening authority took his final action in this case. The case has now been returned to this Court for further proceedings.[2]

We have considered the remaining assertions of error contained in the original pleadings, including those personally raised by the appellant, and the assertion of error submitted by appellate defense counsel since return of the record to this Court. We find those assertions of error to be without merit.

After consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are affirmed.

Senior Judge JOHNSON and Judge WERNER concur.

---

2. After the appellant's first conviction by general court-martial, he was tried and convicted by a second general court-martial for subsequent offenses. The record of that second court-martial, ACMR 8902149, is currently pending before this court and will be reviewed separately.