UNITED STATES, Appellee,

v.

Major Johnnie HARGROVE, Jr., United States Army, Appellant.

ARMY 9701151.

U.S. Army Court of Criminal Appeals.

19 April 1999.

For Appellant: Colonel John T. Phelps II, JA; Colonel Adele H. Odegard, JA; Major Leslie A. Nepper, JA; Captain Angelines McCaffrey, JA (on brief).

For Appellee: Colonel Russell S. Estey, JA; Lieutenant Colonel Eugene R. Milhizer, JA; Captain Marcella Edwards–Burden, JA (on brief).

Before TOOMEY, Senior Judge,
CARTER, and NOVAK, Appellate Military
Judges.

## OPINION OF THE COURT

CARTER, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of wrongful use of cocaine, conduct unbecoming an officer, and false swearing in violation of Articles 112a, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 933, and 934 [hereinafter UCMJ]. The military judge sentenced appellant to a dismissal, confinement for six months, and forfeiture of all pay and allowances. Pursuant to a pretrial agreement, the convening authority approved a sentence to confinement for thirty days and the remainder of the adjudged sentence. Appellant's case is before the court for judicial review as mandated by Congress under Article 66, UCMJ.

In a unique assignment of error, appellant requests that we set aside the convening authority's action until the Secretary of the Army[1] acts upon appellant's pending request for Resignation for the Good of the Service in Lieu of Court–Martial. Government appellate counsel agree that the court should grant "appropriate relief." We find that appellant is entitled to no relief.

### Facts

Appellant, an Individual Mobilization Augmentee (IMA) in the Army Reserve, was ordered to active duty in September 1996 and assigned to duty with the Military Traffic Management Command in Rotterdam, The Netherlands. On 11 September 1996, appellant was issued a government American Express credit card to be used for official government business. Between 21 October and 4 December 1996, appellant charged $6,000.00 to his government credit card for "adult entertainment services" including live sex shows, pornographic movies, striptease shows, and prostitutes at an adult club in the red light district of Rotterdam. On 2 December 1996, appellant used cocaine at a party and lied about it in a sworn written statement to criminal investigators on 21 January 1997.

Appellant was arraigned on 3 June 1997. He subsequently submitted a request for Resignation for the Good of the Service in Lieu of Court–Martial, dated 18 June 1997,[2] under Chapter 3 of Army Regulation 600–8–24, Officer Transfers and Discharges (21 July 1995) [hereinafter AR 600–8–24].

Thereafter, on 17 July 1997, appellant signed an Offer to Plead Guilty, which the convening authority approved on 21 July 1997. Under the terms of his pretrial agreement, appellant agreed to plead guilty to the charges and specifications of which he was convicted in exchange for the convening authority's promise to disapprove any adjudged confinement in excess of thirty days. The government further agreed to present no evidence on an additional specification under Article 134, UCMJ, charging appellant with dishonorable failure to pay just debts in the amount of $29,620.67 that appellant charged to his American Express credit card. The pretrial agreement also required appellant to submit a written request for voluntary excess leave in the event appellant completed serving his confinement before the convening authority took final action on appellant's case.

Appellant was tried and sentenced on 23 July 1997. On 18 August 1997, after appellant served his agreed upon maximum of

1. As used in this opinion, the term "Secretary" refers to the Secretary of the Army, his Under Secretary, designated Assistant Secretary, or designated Deputy Assistant Secretary.

2. The record of trial does not contain a copy of appellant's request for resignation. Appellate defense counsel attached a copy of appellant's request for resignation as an "appendix" to appellant's brief (Appendix A). Other appendices enclosed with appellant's brief include a 1 June 1998 letter from appellant (Appendix B) and a 25 June 1998 declaration from an assistant legal counsel for the Army Review Boards Agency (Appendix C). Appellate defense counsel have not submitted a motion for the court to consider these extra-record materials, as required by Rule 23 of the court's Internal Rules of Practice and Procedure. Because it is apparent that appellant desires the court to consider appendices A, B, and C, and in the interest of judicial economy, we have admitted them on our own motion. We remind appellate counsel to comply with the court's Internal Rules of Practice and Procedure in the future.

thirty days confinement (minus applicable good time), the convening authority approved appellant's request for voluntary excess leave. Appellant returned to the United States and was placed on voluntary excess leave pending the outcome of this appeal.

The military judge authenticated the record of trial on 2 September 1997. On 9 September 1997, the recommendation of the staff judge advocate was served on appellant's trial defense counsel. Appellant submitted a clemency petition, dated 7 October 1997, to the convening authority under Rule for Courts–Martial 1105 [hereinafter R.C.M.]. In this petition, appellant thanked the convening authority for his "fairness and compassion in minimizing my confinement by accepting my pretrial offer to plead guilty. Confinement was a frightening and humbling experience, but I realize now it could have been much worse." The appellant requested that the convening authority grant him clemency by disapproving the findings and sentence of his court-martial and recommending approval of his resignation request. Neither appellant nor his trial defense counsel asked the convening authority to defer taking action on appellant's case until the Secretary acted upon his resignation request.

On 21 October 1997, the convening authority took action on appellant's court-martial in accordance with the terms of the pretrial agreement. Five months later, the Army Review Boards Agency received appellant's resignation request. The Deputy Assistant Secretary (Army Review Boards) has apparently decided to defer any decision on appellant's resignation request pending decision by this court on "the validity of the convening authority's action on the sentence." *See* appellant's brief, Appendix C.

Appellant now argues, for the first time, that the convening authority had no authority to take action on his case because of the provisions of AR 600–8–24 and the "procedural requirements" enunciated in *United States v. Woods*, 26 M.J. 372 (C.M.A.1988)

and *United States v. Moore*, 32 M.J. 554 (A.C.M.R.1990).

## Discussion

Army Regulation 600–8–24 provides that when an officer pending trial by general court-martial submits a request for Resignation for the Good of the Service in Lieu of Court–Martial, such a tender does not suspend the court-martial proceedings. However, in such cases, the convening authority "will ... not take action on the findings and sentence" of the court-martial until the Secretary has acted upon that officer's resignation request. AR 600–8–24, para. 3–13b.

In *Woods*, the issue before a divided three-member United States Court of Military Appeals was whether the Secretary's approval of a resignation in lieu of court-martial vacated the previous action of the convening authority. Chief Judge Everett and Judge Cox concluded, in separate opinions, that they "should" abate, set aside, and dismiss the already completed court-martial proceedings to enforce the Secretary's intent when he accepted the resignation.[3] *Woods*, 26 M.J. at 375. In his dissenting opinion, Judge Sullivan concluded that a Secretary's administrative act could not void a Federal conviction unless authorized by the Constitution or Federal law. *Woods*, 26 M.J. at 375–76. Judge Cox agreed with the principle that courts-martial are judicial, not administrative, proceedings that require an act of judicial character to convene them, to affirm or disaffirm their findings and sentence on appellate review, or to otherwise abate them. *Woods*, 26 M.J. at 373.

In *Moore*, this court set aside the convening authority's first action because the court was unable to determine the facts surrounding Moore's attempt to resign or what happened to his resignation request. *Moore*, 32 M.J. at 554. Unlike the *Moore* case, appellant's resignation request is not lost or misplaced, but is in the Secretary's office.

We find that the opinions in *Woods* and *Moore* are not applicable to appellant's situation and decline to expand their holdings

**3.** The record of trial in that case included an affidavit from the designated Deputy Assistant Secretary stating that when he approved the resignation "it was my understanding and intention

that all court-martial proceedings against him would be abated." *See United States v. Woods*, 21 M.J. 856, 878 (A.C.M.R.1986), *rev'd* 26 M.J. 372 (C.M.A.1988).

beyond their specific facts. The facts in appellant's case are not only clear, but are also different from the facts in *Woods* and *Moore,* and do not entitle appellant to any relief for at least four different reasons.

■ First, military appellate courts do not issue advisory opinions. *See United States v. Clay,* 10 M.J. 269 (C.M.A.1981); *United States v. Flores–Galarza,* 40 M.J. 900, 908 (N.M.C.M.R.1994). Appellant asks this court to set aside the convening authority's action because of a *possibility* that the Secretary *may* approve appellant's resignation. Appellant asks us to *assume* that the Secretary will approve appellant's resignation thereby creating a situation similar to that in *Woods.* Those facts are not before the court at this time and we decline to issue an advisory opinion based upon a hypothetical set of facts that may never materialize. The Secretary has full legal authority to act upon appellant's request for resignation without this court first setting aside the convening authority's action.

■ Second, it is not clear that appellant was eligible to submit a request for Resignation for the Good of the Service in Lieu of Court–Martial under AR 600–8–24. When appellant submitted his resignation in June 1997 he was serving on active duty as a member of the Selected Reserve pursuant to a Presidential order to active duty under the authority of 10 U.S.C. § 12304.[4] Paragraph 3–1a, AR 600–8–24, states that "[e]xcept as *provided in b below,* any officer of the Active Army or USAR may tender a resignation *under provisions of this chapter*" (emphasis added). Paragraph 3–1b, AR 600–8–24, provides that United States Army Reserve officers on active duty "pursuant to 10 U.S.C. § 12304 (Presidential Selected Reserve) will request resignations under the provisions of AR 135–175. Before such a request is sub-

mitted, they must be released from their active duty status."[5] If appellant's resignation request did not comply with the terms of AR 600–8–24, then the convening authority was under no obligation to comply with its provisions either.

Appellant's situation differs significantly from *Woods* where "the [applicable] regulation sets forth the procedures [for submitting a resignation in lieu of court-martial], and *it cannot be disputed that they were followed.*" *Woods,* 26 M.J. at 374 (emphasis added). Ultimately, whether the Secretary intended to permit United States Army Reserve members on active duty under 10 U.S.C. § 12304 to submit a request for Resignation for the Good of the Service in Lieu of Court–Martial is a matter for the Secretary's determination, not ours. We simply note that on this record, we do not find that appellant has fully complied with AR 600–8–24.

Third, assuming arguendo that AR 600–8–24 applies, appellant alleges no material prejudice, and we find none, from the convening authority's action. If AR 600–8–24 applies, then the convening authority violated paragraph 3–13b thereof when he took action in appellant's case prior to a decision by the Secretary on appellant's resignation request. Assuming further that a violation of this regulation constitutes an error of law, such an error of law does not invalidate a finding or sentence of a court-martial "unless the error materially prejudices the substantial rights of the accused." UCMJ art. 59(a). The Secretary has appellant's resignation request and may act upon it at any time. Appellant cites no authority for the proposition that a convening authority's action in contravention of an Army regulation automatically renders that action void *ab initio.*

Finally, we find that appellant intentionally negotiated away at least one of his procedur-

---

**4.** The stipulation of fact states that appellant served continually on active duty from 9 September 1996 until his trial. "He was in Reserve Component status until ordered to 270 days active duty pursuant to presidential executive order of 8 December 1995." Although not stated in the record, Executive Order 12982, dated 8 December 1995, was a Presidential order to active duty, pursuant to title 10, United States Code, §§ 121 and 12304, for members of the Selected Reserve of the Armed Forces, including IMAs

such as appellant, in support of operations in and around the former Yugoslavia. Exec. Order No. 12982, 3 C.F.R. § 423, 60 Fed.Reg. 63,895 (1995).

**5.** Army Regulation 135–175, Separation of Officers (22 Feb. 1971), does not provide for resignation for the good of the service in lieu of court-martial.

al rights in AR 600–8–24 for a more favorable pretrial agreement. Paragraph 3–13, concerning resignations in lieu of court-martial, provides that an officer "will be retained" on active duty until "final disposition" of the charges or until the officer's resignation is approved. AR 600–8–24, para. 3–13c. Appellant elected to trade this right for a favorable cap on the period of confinement he must serve and an agreement not to prosecute him for his alleged dishonorable failure to pay over $29,000.00 in just debts. Appellant's willingness to go on voluntary excess leave immediately after he served thirty days of confinement undoubtedly permitted appellant to negotiate a more favorable pretrial agreement. Without such an agreement, appellant had a statutory and regulatory right to remain on active duty until the convening authority took action on his court-martial proceedings. *See* UCMJ art. 76a; AR 600–8–24, para. 3–13c.

Appellant's post-trial clemency petition to the convening authority demonstrates his considerable satisfaction with the terms of his negotiated pretrial agreement. There is nothing in his clemency petition to indicate appellant's belief, or his intention, that the convening authority would keep appellant on active duty or defer taking action on appellant's court-martial until a decision by the Secretary on appellant's request for resignation. Appellant's looming confinement differs significantly from the facts in *Moore* and *Woods*. Moore received no adjudged confinement. *Moore*, 32 M.J. at 554. In *Woods*, the convening authority approved Woods' written request for deferment of confinement. *Woods*, 21 M.J. at 858. In this case, appellant did not negotiate or request a deferment of confinement. The convening authority had no authority to grant deferment without such a request. *See* UCMJ art. 57(b) and 57a(a); R.C.M. 1101(c)(2). Under these circumstances, we are completely satisfied that there is no reason for us to set aside the convening authority's action in this case.

### Secretarial Options

In enacting the Uniform Code of Military Justice, Congress created a system of shared authority over military justice among the President, the judiciary, the Secretaries of the military departments, and The Judge Advocates General.[6] As a matter of comity, military appellate court decisions should avoid, whenever possible, limiting, expanding, or otherwise disturbing the Secretary's exercise of his Congressionally granted authority under the UCMJ. *See Woods*, 26 M.J. at 374. We have taken great care to adhere to this principle and to not intrude on the Secretary's authority. The Secretary still has a variety of options regarding appellant's request for resignation. They include:

1. Return appellant's request for resignation without action after a Secretarial determination that it was not submitted under the correct regulation.

2. Determine that appellant's request for resignation was properly submitted but disapprove it on its merits.

3. Commute, remit, or suspend appellant's sentence, or any part of it, as the Secretary sees fit. *See* UCMJ art. 71(b).

4. Disapprove appellant's request for resignation, execute his dismissal, and then substitute an administrative form of discharge for the dismissal. *See* UCMJ art. 74.

5. Approve appellant's resignation with the specific intent to vacate the entire court-martial proceedings. This is the situation addressed in the *Woods* case. In our judgment, it is not certain that the current United States Court of Appeals for the Armed Forces (formerly the United States Court of Military Appeals) would expand the *Woods* holding to the facts of appellant's case.

### Decision

Appellant's request that we set aside the convening authority's action is denied. The findings of guilty and the sentence are affirmed.

Senior Judge TOOMEY and Judge NOVAK concur.

---

6. *See McKinney v. Ivany*, 48 M.J. 908, 909 (Army Ct.Crim.App.1998), for a discussion of the shared responsibility over military justice in the Army between this court and The Judge Advocate General of the Army.