UNITED STATES, Appellee,

v.

Robert L. WOODS, Captain, U.S. Army, Appellant.

No. 55,097.

CM 446894.

U.S. Court of Military Appeals.

Aug. 15, 1988.

For Appellant: *Captain Stewart C. Hudson* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Joel D. Miller, Captain Joseph Tauber* (on brief); *Lieutenant Colonel Arthur L. Hunt and Major Stephen R. Dooley.*

For Appellee: *Captain Karen L. Taylor* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Captain Denise K. Vowell* (on brief); *Major Kathryn F. Forrester and Captain Howard G. Cooley.*

*Opinion of the Court*

COX, Judge:

The issue presented here is "whether the discharge of appellant under other than honorable conditions pursuant to his resignation for the good of the service abated the court-martial proceedings."

Appellant was tried by a general court-martial without members. The trial was convened at Frankfurt, Federal Republic of Germany. He was charged with drunk and reckless driving, and involuntary manslaughter, in violation of Articles 111 and 119, Uniform Code of Military Justice, 10 U.S.C. §§ 911 and 919, respectively. In accordance with his pleas, he was found guilty and sentenced to be confined for 7 months and dismissal. The chronology of events leading to the granted issue is as follows:

In 1984:

Jul 21—Appellant committed the offenses.

Aug 22—Charges were preferred.

Oct 24—Charges were referred to general court-martial.

Oct 30—Charges were served upon appellant.

Nov 9—Appellant submitted a "Resignation in Lieu of Court-Martial" pursuant to provisions of paragraph 5–2, AR 635–120.

Nov 19—Appellant's battalion commander forwarded resignation, recommending disapproval.

Dec 11—Appellant was tried by general court-martial.

Dec 12—Appellant's brigade commander forwarded resignation, recommending disapproval.

In 1985:

Feb 7—The general court-martial convening authority approved the findings and sentence of the court-martial.

Feb 7—The general court-martial convening authority forwarded appellant's resignation to Headquarters, Department of Army, recommending disapproval.

Apr 2—The Deputy Assistant Secretary, Office of the Assistant Secretary of the Army for Manpower and Reserve Affairs, approved the Ad Hoc Review Board's recommendation that appellant's resignation be accepted.

May 24—Appellant was discharged under other than honorable conditions.

In 1986:

Feb 10—The Court of Military Review set aside the guilty findings and dismissed the drunk-and-reckless-driving charge and, after reassessment, affirmed only so much of the sentence as provided for 5 months' confinement.

In a lengthy and scholarly opinion, the Court of Military Review concluded that, while the Secretary of the Army had the power and authority to grant appellant clemency and discharge him administratively under other than honorable conditions, such action did not abate the general court-martial proceedings. Accordingly, the court approved the findings of guilty in part, but declined to affirm the adjudged dismissal on the basis that *"sententia non debet esse illusorium suum effectum habere debet"* ("a sentence ought not to be illusory; it ought to have its proper effect"). 21 M.J. 856, 878 and n.36 (A.C.M.R. 1986).

We agree with the court below that "courts-martial, although creatures of limited jurisdiction, are courts of law, as are the" Courts of Military Review and this Court. *Id.* at 870, *citing Schlesinger v. Councilman*, 420 U.S. 738, 758, 95 S.Ct. 1300, 1313, 43 L.Ed.2d 591 (1975).

█ We likewise agree with them that "once court-martial jurisdiction attaches, it continues until the appellate processes are completed...." 21 M.J. at 874 (footnote omitted). *See United States v. Speller*, 8 U.S.C.M.A. 363, 24 C.M.R. 173 (1957); *United States v. Sippel*, 4 U.S.C.M.A. 50, 15 C.M.R. 50 (1954). Indeed, we rely on this authority to hear and decide the issue presented in this case.

█ Next, we affirm the principle that once court-martial jurisdiction attaches, *"it requires an act of judicial character ... to affirm or disaffirm their findings or sentence on appellate review, or to otherwise abate them after jurisdiction has attached."* 21 M.J. at 870, *construing United States v. Runkle*, 122 U.S. 543, 7

S.Ct. 1141, 30 L.Ed. 1167 (1887). We are engaged in an exercise of that judicial power here.

■ Lastly, nothing we say or hold herein should be construed to limit, broaden, or otherwise disturb the exercise of powers granted to the Secretary by virtue of Articles 71 and 74, UCMJ, 10 U.S.C. §§ 871 and 874, respectively. Nevertheless, these principles of law do not foreordain the result reached by the Court of Military Review. Nothing presented here prohibits an agreement between an accused and competent authority of the United States which provides for some action other than a court-martial to be taken with respect to criminal charges. It is abundantly clear in this case "that the Secretary of the Army and appellant mutually understood that the acceptance of the resignation would constitute an action in lieu of trial." *United States v. Gwaltney*, 43 C.M.R. 536, 538 (A.C.M.R.1970), *aff'd*, 20 U.S.C.M.A. 488, 490, 43 C.M.R. 328, 330 (1971). Thus, the Court of Military Review erred when it did not enforce this agreement.[1]

Therefore, the question is: Can a Service Secretary promulgate a regulation to provide for a "Resignation in Lieu of Court-Martial"? The Court of Military Review stated that "the Secretary has promulgated AR 635–120 for the purpose of prescribing 'procedures whereby an officer on active duty may tender his resignation or be discharged.'" 21 M.J. at 859. They thereafter concluded "that appellant was duly separated from the service pursuant to the exercise of statutorily-based, Secretarial administrative authority." *Id.* at 860. *See generally* 10 U.S.C. § 3012. We agree

with the court below that promulgating the regulations was a proper exercise of Secretarial authority.

■ We next consider whether appellant complied with the regulation. In this regard, we note that appellant submitted his resignation while in the status of an officer who has general "court-martial charges . . . preferred against him." Para. 5–1*a* (1), AR 635–120. Furthermore, he submitted his resignation 32 days before his trial. Paragraph 5–2 of the regulation sets forth the procedures, and it cannot be disputed that they were followed. We conclude, therefore, that appellant did comply with the regulation.

■ There is no question that, pending action by the Secretary, the decision to go forward with the trial or to hold it in abeyance rests in the hands of the convening authority. Para. 5–1*b*. The regulation is silent, however, on the question of what is to happen if the court-martial proceedings are completed and final action is taken by the convening authority before the Secretary acts on the resignation.

It should be obvious that, if a Service Secretary has the authority to approve a resignation *in lieu of a trial*, the exercise of that authority should not depend upon a race between him and the convening authority to make a judgment. It also should not depend upon the expediency of action or lack thereof by subordinate commands. In this regard, we note without comment the unexplained fact that appellant's resignation was not forwarded to the Secretary until February 7, 1985 (90 days after it was tendered).[2]

1. This does not run contrary to our exercise of jurisdiction in *United States v. Burris*, 21 M.J. 140 (C.M.A.1985), because there jurisdiction had been vested in the appellate courts via Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862. Burris was given an opportunity to moot his appeal, but he declined to do so.

2. In my judgment, herein lies the fatal flaw of Judge Sullivan's dissent and, thus, I pose this question: Should the exercise of the Secretary's authority be defeated by the misfeasance, malfeasance, or nonfeasance of the legal clerk, company commander, special court-martial

convening authority, personnel officer, general court-martial convening authority, or anyone else who rightfully or wrongfully gets his hands on the action? If indeed that be the case, are we signaling a return to the now-famous Ansell-Crowder disputes of the post-World War I era and the action of a commanding officer whereby 13 soldiers were executed in Texas the day after their trial without the benefit of appellate review or clemency? *See* Felder, *A Long Way Since Houston: The Treatment of Blacks in the Military Justice System*, THE ARMY LAWYER 8 (Oct. 1987) (DA PAM 27–50–178). I would hope

The power of the Secretary to approve or disapprove resignations in accordance with his own regulations and the power of a convening authority to convene courts-martial harmoniously coexist. Just as we have recognized that an administrative action cannot divest a court-martial of its judicial power, we likewise recognize that a court-martial can neither deprive the Secretary of his powers nor defeat a lawful agreement between an accused and the Secretary. *United States v. Burris*, 21 M.J. 140, 141 n.2 (C.M.A.1985); *United States v. Speller* and *United States v. Sippel*, both *supra*. The end result or goal is the same in both instances, that is, the enhancement of "the welfare, preparedness, and effectiveness" of the Army. We are satisfied this is the logical and correct result.

In light of these considerations, we conclude this case should be abated. Thus, the suggestion in footnote 37 (21 M.J. at 870) that Charge I "can be revived" is no longer operative.

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside and the charges and specifications are dismissed.

EVERETT, Chief Judge (concurring):

I fully agree with the principal opinion's reaffirmance of the proposition that appellate jurisdiction to review a court-martial conviction is not terminated by the accused's administrative separation. Likewise, I agree that in this case we should exercise our appellate jurisdiction to give relief to Woods and place him in the position he would have occupied if his resignation had been accepted prior to his trial and conviction.

The resignation was submitted and accepted pursuant to an Army Regulation providing for resignation in lieu of court-martial. The Regulation could have directed that trial would not proceed until a resignation had been acted upon by the Secretary of the Army. Indeed, at oral ar-

gument counsel indicated that another Service's regulations do contain such a provision. However, the Army Regulation allows trial to proceed while a resignation is being processed. Perhaps the Regulation was drafted in this way because of concern about delay in trial during the processing of a resignation; but, whatever the reason, the Regulation, as drafted, has the force of law.

It seems clear that this Regulation contemplates that, if a resignation is accepted after a conviction has occurred, the result will be the same as if a court-martial had never taken place. Such an outcome seems implicit in the concept of a resignation in lieu of court-martial. Moreover, as Judge Cox points out, it would be remarkable if this Regulation permitted the authority of the Secretary of the Army to be undercut at lower echelons by delay of the processing of a resignation while trial takes place.

We do not hesitate to set aside a court-martial action which violates a pretrial agreement. By the same token, we should not hesitate to set aside this court-martial conviction, which conflicts with the agreement implicit in the acceptance of appellant's resignation.

SULLIVAN, Judge (dissenting):

I dissent. I would rule for the Government and with the court below. A Deputy Assistant Secretary of the Army cannot void a federal conviction 4 months after it has been adjudged by a court-martial. The majority's position creates in effect a pardon power not authorized by statutory law or the Constitution.

The pardon power is established in Art. II, § 2 of the Constitution. However, there has been no exercise of this power by the President, either directly or by delegation in this case. *See* 28 CFR § 1.1. Moreover, Congress might create a similar mechanism whereby the Secretary could be authorized by law to void a conviction in a case such as this. U.S. Const., Art. I, § 8, cl. 14.

not. To me, the issue is: Whether the Secretary has the authority to accept a resignation in lieu

of a court-martial, not "when" he exercises that authority.

However, it chose not to bestow such power. Instead, Congress provided that a Secretary, an Under Secretary, or Assistant Secretary may commute, remit, or suspend the *sentence* only. Arts. 71 and 74, Uniform Code of Military Justice, 10 U.S.C. § 871 and § 874, respectively. There was no power given to them to void the conviction once the sentence was published and the judicial appellate review begun. *Cf.* Art. 64, UCMJ, 10 U.S.C. § 864.

The majority finds support for its position in *United States v. Gwaltney*, 20 U.S. C.M.A. 488, 43 C.M.R. 328 (1971). Its reliance is misplaced in the instant case. Both the majority and the dissent in *Gwaltney* based their decision "to do justice" on the special factfinding power of the Court of Military Review and the fact that the Court of Military Review found an agreement between the Secretary and the accused. Here, there is no finding of such a fact. The Court of Military Review instead found that "a promise did not exist" and

therefore there was no agreement between appellant and the Secretary of the Army. 21 M.J. 856, 876. Thus, *Gwaltney* is not applicable to this case.

Again, Congress could change the law and give the Secretary the power to void a conviction. U.S. Const., Art. I, § 8, cl. 14. Otherwise, I believe that an administrative act cannot void a Federal conviction unless authorized by the Constitution or Federal law. A German citizen was killed by appellant. There was a conviction of drunk and reckless driving and of involuntary manslaughter in a court-martial pursuant to due process of law. To wipe out such a conviction by an administrative, and not judicial, act erodes respect for the judicial process.* I agree with the conclusions of the well-reasoned opinion of the Court of Military Review in this case. I would rule for the Government, affirm the convictions, and let the Secretary take what clemency actions he wants under the law.

---

* Due-process concerns with respect to the handling of this administrative request for discharge have not been properly developed on the record before us and, in my opinion, are beyond the scope of the particular issue granted review in this case.