# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**

v.

**Second Lieutenant KEVIN M. FURTH**
**United States Army, Appellant**

ARMY 20180191

Headquarters, 1st Special Forces Command (Airborne)
Christopher E. Martin, Military Judge
Lieutenant Colonel Scott T. Ayers, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Scott A. Martin, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Catharine M. Parnell, JA; Captain Allison L. Rowley, JA (on brief).

4 May 2020

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

We review this case under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 [UCMJ]. On appeal, appellant asserts two assignments of error: (1) whether appellant's guilty plea was improvident where it was made under the belief that his pending Resignation For the Good of the Service (RFGOS) request, if approved, would render his court-martial proceedings a nullity; and (2) whether the Secretary of the Army's approval of his RFGOS and direction that appellant receive an administrative discharge with an Other than Honorable (OTH) characterization of

service should be given effect under Article 74, UCMJ.[1] These alleged errors merit discussion, but no relief pursuant to appellant's arguments. We grant relief in our decretal paragraph pursuant to this court's reasoning in *United States v. Vance*, ARMY 20180011, 2020 CCA LEXIS 112 (Army Ct. Crim. App. 8 Apr. 2020) (mem. op.).

## BACKGROUND

On 11 January 2018, the government preferred charges against appellant. On 26 January 2018, appellant submitted a RFGOS pursuant to Army Reg. 600-8-24, Personnel-General: Officer Transfers and Discharges, para. 3-13 (12 Apr. 2008; Rapid Action Revision 13 September 2011) [AR 600-8-24]. Appellant's chain of command, including the GCMCA recommended disapproval of the RFGOS and the GCMCA referred the charges to a general court-martial on 20 February 2018.

Appellant submitted an offer to plead guilty on 21 March 2018. On 18 April 2018, a military judge sitting as a general court-martial, convicted appellant, consistent with his pleas, of one specification each of absence without leave and larceny, in violation of Articles 86 and 121, UCMJ. The military judge sentenced appellant to be confined for three months, reprimanded, and dismissed from the service.

---

[1] In matters personally submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant asserts that if post-trial approval of his RFGOS did not nullify the findings and sentence of his court-martial, then he received ineffective assistance of counsel when he was advised that an approved RFGOS would have that effect. Having given full and fair consideration to appellant's matters and having ordered and received affidavits from appellant's military defense counsel, we find appellant has failed to demonstrate any alleged deficiency in his counsel's performance resulted in prejudice. To show prejudice within the context of a guilty plea, appellant bears the burden of establishing he would not have pleaded guilty but for his counsel's allegedly deficient advice. *See United States v. Bradley*, 71 M.J. 13, 17 (C.A.A.F. 2012). Here, appellant has not asserted that he would have pleaded not guilty but for his counsel's advice regarding the effect of a RFGOS approved post-trial. Rather appellant admits in his affidavit, "[i]f I had known that pleading guilty would have prevented me from fully benefitting from an approved RFGOS, I would not have pleaded guilty prior to receiving a decision on my RFGOS." This was not a viable option. See *United States v. Vance*, slip op. at 8. Additionally, it was objectively reasonable for appellant to have pleaded guilty for the benefit of a favorable pretrial agreement with the GCMCA. The government's case was strong and appellant had no reason to believe his RFGOS would be approved given that his entire chain of command recommended against approval.

On 22 May 2018, the Deputy Assistant Secretary of the Army (Review Boards), (the "DASA") approved appellant's RFGOS, directing that any court-martial proceedings—both findings and sentence—be vacated and appellant be administratively discharged with an OTH characterization of service. On 24 May 2018, appellant received orders directing the issuance of his administrative discharge under OTH conditions. The Army issued appellant a DD 214 on 6 June 2018, characterizing his discharge as under OTH conditions.

On 10 January 2019, the GCMCA approved both the findings and sentence as required under Article 60, UCMJ. On 5 March 2019, the DASA rescinded her prior approval of appellant's RFGOS explaining, "I have now been informed that my action was in contravention of Article 60, Uniform Code of Military Justice, which has recently been amended to limit my authority to act on Resignations for the Good of the Service in Lieu of General Court-Martial after trial. Accordingly, I hereby rescind my decision of 22 May 2018." On 17 July 2019, the Army revoked the order that served to discharge appellant and issued a memorandum voiding his DD 214. The record is devoid of any authority allowing for appellant's return to active duty following an otherwise valid, non-fraudulent discharge.

## LAW AND DISCUSSION

### *The Military Judge's Acceptance of the Guilty Plea*

In appellant's first assignment of error, he asserts that there is a substantial basis in law to question his plea because he entered it "without any awareness that his plea would preclude the acceptance of his RFGOS," and, the military judge abused his discretion by failing to advise appellant of this significant consequence. Based on this error, appellant requests we find appellant's plea improvident and set aside the findings and sentence.

The issue before this court is whether the military judge abused his discretion in accepting appellant's plea. *United States v. Murphy*, 74 M.J. 302, 305 (C.A.A.F. 2015) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). An abuse of discretion occurs when a military judge fails to obtain from an accused an adequate factual basis to support the plea or has an erroneous view of the law. *Id.*

We find no merit to appellant's assertion that the military judged erred. First, appellant's guilty plea did *not* preclude the DASA's approval of his previously submitted RFGOS post trial. See *Vance*, slip op. at 16 (citing *United States v. Woods*, 26 M.J. 372, 375 (C.M.A. 1998)). To the extent that appellant's claimed error is premised on a misunderstanding of the DASA's RFGOS authority, it is without merit.

Additionally, even if we were to determine that appellant held some mistaken understanding of the DASA's RFGOS authority, we find the military judge did not abuse his discretion in accepting appellant's plea. As we recently noted in *Vance*, "administrative discharges, to include those resulting from a discharge in lieu of a court-martial, are collateral administrative matters."[2] *See Vance*, slip op. at 12. To show the military judge erred in accepting his guilty plea, appellant must demonstrate his "misunderstanding of the consequence (a) results foreseeably and almost inexorably from the language of a pretrial agreement; (b) is induced by the trial judge's comments during the providence inquiry; or (c) is made readily apparent to the judge, who nonetheless fails to correct that misunderstanding." *United States v. Bedania*, 12 M.J. 373, 376 (C.M.A. 1982).

Nothing in the record supports that one of these conditions has been met. Appellant clearly understood and accepted the terms of his pretrial agreement, which neither referenced nor was otherwise conditioned upon his RFGOS. Moreover, during the *Care* inquiry, the military judge neither induced a misunderstanding nor failed to correct a misunderstanding on the part of appellant regarding the acceptance of his RFGOS. Having thoroughly reviewed the record, we find appellant completed a knowing, voluntary, and intelligent plea of guilty to the charged offenses, including a proper inquiry pursuant to *United States v. Care*, 40 C.M.R. 247 (1969).

*Effecting the Secretary's Approval of the RFGOS*

In his second assignment of error, appellant asserts, "there is no reason to believe that [the Secretary's approval of a RFGOS] is anything but an exercise of his Art. 74, UCMJ, authority, and that this court should "clarify that appellant will, in fact, be separated from the Army with an other than honorable discharge." We disagree and decline to treat the Secretary's approval of appellant's RFGOS as an exercise of the Secretary's authority under Art. 74, UCMJ.

Article 74, UCMJ, provides the Army Secretary with discretionary authority to substitute, "for good cause, an administrative form of discharge for a dismissal executed in accordance with the sentence of a court-martial." Our superior court has long recognized that this authority to grant clemency pursuant to Article 74 of the UCMJ is distinct from the Secretary's statutory power to approve a resignation in

---

[2] As we did in *Vance*, we decline appellant's invitation to treat action on appellant's RFGOS in the same fashion as the requirement to register as a sex offender. *Vance*, slip op. at 12 (this court distinguishing *United States v. Riley*, 72 M.J. 115 (C.A.A.F. 2013)). Whereas a guilty plea to a sexual offense brings about the direct consequence of the obligation to register as a sex offender, appellant's guilty plea bore no effect on the DASA's prerogative to approve or deny his RFGOS.

lieu of a court-martial. *See Woods*, 26 M.J. 372 (C.M.A. 1998). Here, appellant does not offer nor are we aware of any authority that would permit this court to characterize the DASA's initial approval of appellant's RFGOS as an exercise of secretarial authority pursuant to Article 74.[3]

Although we reject appellant's assertions, our analysis continues in order to determine the effect of appellant's administrative discharge resulting from the DASA's approval of his RFGOS. We find appellant was properly discharged from the Army administratively, and that later efforts to recall appellant to active duty had no effect. In addition to properly approved findings and sentence, we also have a valid action by the DASA administratively discharging appellant, just as we had in *Vance*. *See Vance*, slip op. at 21; *see also* Army Reg. 600-8-24, para. 3-13h. The DASA's decision resulted in separation orders and a DD 214 that administratively separated appellant from the service on 6 June 2018 with an under OTH conditions characterization of service. As we concluded in *Vance*, there is not clear evidence in the record suggesting the DASA's rescission of the RFGOS approximately nine months after appellant's administrative discharge invalidated the administrative discharge. *See Vance*, slip op. at 20-21.

In sum, we have: 1) a valid court-martial conviction; 2) a valid administrative discharge issued by a proper authority; and 3) documentation unsupported by any authority purporting to rescind a valid administrative discharge. Accordingly, we set aside appellant's dismissal to give effect to the administrative discharge.

## CONCLUSION

Having thoroughly reviewed the record and in light of the reasons set forth above, the findings are hereby AFFIRMED. We approve only so much of the sentence as provides for confinement for three months and a reprimand. The adjudged dismissal is SET ASIDE. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58(b)(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] The Secretary's designee approved appellant's resignation post-trial pursuant to her statutorily vested authority, and appellant was separated from the service with an administrative discharge. *See generally* 10 U.S.C. §§ 1181, 7013, 14902.