CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Second Lieutenant JOSEPH L. BROWN**
**United States Army, Appellant**

ARMY 20180316

United States Army Combined Arms Support Command
Andrew J. Glass, Military Judge
Colonel James D. Levine II, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Captain Benjamin A. Accinelli, JA; Captain Zachary A. Gray, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Dustin B. Myrie, JA; Major Anne Savin, JA (on brief).

29 May 2020

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SALUSSOLIA, Judge:

We review this case under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 [UCMJ]. On appeal, appellant asserts two assignments of error: (1) whether appellant received ineffective assistance of counsel when he was advised that his pending Resignation For the Good of the Service (RFGOS) could still be approved if he pleaded guilty and was sentenced to be dismissed; and (2) whether appellant's guilty plea was improvident because he did not understand the consequences of his pleas and pretrial agreement. These alleged errors merit discussion, but no relief pursuant to appellant's arguments. We grant relief in our decretal paragraph pursuant to this court's reasoning in *United States v. Vance*,

BROWN—ARMY 20180316

ARMY 20180011, 2020 CCA LEXIS 112 (Army Ct. Crim. App. 8 Apr. 2020) (mem. op.).

## BACKGROUND

Appellant commissioned into the Army from the Reserve Officers' Training Corps (ROTC) and incurred a service obligation as a result of the college scholarship he received. On 9 November 2017—long before he completed his initial service obligation—appellant was apprehended for shoplifting from various on-post stores at Fort Lee, Virginia.

On 26 February 2018, the government preferred charges against appellant. On 1 March 2018, appellant submitted a RFGOS pursuant to Army Reg. 600-8-24, Personnel-General: Officer Transfers and Discharges, para. 3-13 (12 Apr. 2008; Rapid Action Revision 13 September 2011) [AR 600-8-24]. Appellant's chain of command, including the General Court-Martial Convening Authority (GCMCA) recommended disapproval of the RFGOS.

On 28 March 2018, appellant's military defense counsel submitted a delay request asking that the GCMCA not refer charges to a general court-martial "for ninety (90) days or before the Secretary of the Army or its delegate acts on the [RFGOS]. . . ." The request explained appellant's RFGOS had been submitted on 1 March and was still pending a decision. The GCMCA effectively denied this request by referring the charges to a general court-martial on 4 April 2018. On 24 April, appellant was arraigned by the military judge who scheduled the court-martial for 4 June 2018. Appellant submitted an offer to plead guilty on 27 April 2018.[1]

On 4 June 2018, a military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of three specifications of larceny and one specification of obstruction of justice, in violation of Articles 121 and 134, UCMJ. The military judge sentenced appellant to forfeit all pay and allowances, and to be confined for seventy-five days and dismissed from the service.

On 12 July 2018, the Deputy Assistant Secretary of the Army (Review Boards), (the "DASA") approved appellant's RFGOS, directing that any court-martial proceedings—both findings and sentence—be vacated and appellant be administratively discharged with a General (Under Honorable Conditions) (GEN)

---

[1] While awaiting his court-martial, appellant contacted the United States Army Human Resources Command (HRC) to inquire about the estimated processing time for his RFGOS request and request that it be expedited to receive a decision before his June trial date. HRC advised appellant that it would be two to three months as his RFGOS was pending a decision regarding his ROTC scholarship recoupment.

2

characterization of service. On 12 July 2018, appellant received orders directing the issuance of his administrative discharge under GEN conditions. Appellant was released from confinement the same day.

On 16 October 2018, the GCMCA took initial action and disapproved the findings and sentence in appellant's case.[2] On 20 November 2018,[3] the Staff Judge Advocate (SJA) provided the GCMCA a Post-Trial Recommendation that specifically referenced an initial post-trial action taken by the GCMCA on 16 October 2018. According to the SJA's Post-Trial Recommendation to the GCMCA:

> On 16 October, you took initial action in this case and dismissed all charges and specifications IAW the directive of the [DASA]. In light of the recent decision by the Army Court of Criminal Appeals, In re Vance, no. Army 20180011, 2018 CCA Lexis 532 (A. Ct. Crim. App. Nov. 5, 2018), that action was void ab initio.

In accordance with the SJA's Recommendation, the GCMCA approved the findings and only so much of the sentence as provided for dismissal from the service.

## LAW AND DISCUSSION

*Appellant's Effective Assistance of Counsel*

Appellant asserts that he received ineffective assistance of counsel when he received "out-of-date and erroneous legal advice that led him to proceed with his court-martial without waiting for action on his [RFGOS]." Having ordered and received affidavits from appellant's civilian and military defense counsel and considering appellant's own affidavit, we find appellant has failed to demonstrate any alleged deficiency in his counsel's performance resulted in prejudice.

"In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *United States v. Strickland*, 466 U.S. 668, 687 (1984)). Appellate courts may address these prongs in any order because "[a]ppellant must meet both in order to prevail." *Green*, 68 M.J. at 362 (citing *Strickland*, 466 U.S. at 697; *Loving v. United States*, 68 M.J. 1, 6 (C.A.A.F. 2009)).

---

[2] The original post-trial action dated 16 October 2018 is not included in the record of trial but is referred to by the Staff Judge Advocate's post-trial recommendation.

[3] Corrected

When it is apparent that the alleged deficiency has not caused prejudice, it is not necessary to decide the issue of deficient performance. *See Loving*, 68 M.J. at 2.

To establish prejudice within the context of a guilty plea, appellant bears the burden of establishing he would not have pleaded guilty but for his counsel's allegedly deficient advice. *See United States v. Bradley*, 71 M.J. 13, 17 (C.A.A.F. 2012). To make such a showing, appellant's affidavit must not only assert that he would not have pleaded guilty but for the erroneous advice, but he must also satisfy a separate, objective inquiry; he must show that if he had been advised properly, it would have been rational for him not to plead guilty. *See id.* (citing *Padilla v. Kentucky*, 559 U.S. 356 (2010).

Here, appellant made no such showing. First, he has not asserted that he would have pleaded not guilty but for his counsel's advice regarding the effect of a RFGOS approved post-trial. Rather appellant asserts in his affidavit, "I would not have pleaded guilty if I had known that doing this would void an approved resignation by the Department of the Army. I would have waited for the Department of the Army to make a decision regarding my resignation." This was not a viable option. *See Vance*, 2020 CCA LEXIS 112, at *8. In other words, appellant had two choices: to plead guilty or to plead not guilty. It was not appellant's prerogative to delay entry of his plea at a court-martial or otherwise delay a court-martial proceeding to wait for the DASA's action on his pending RFGOS.[4]

---

[4] Appellant also contends his defense counsel were ineffective because they should have requested a continuance from the military judge and, if they had, appellant "could have delayed his guilty plea until secretarial action." We reject appellant's claim because he has not carried "his burden to show that his counsel would have been successful if he had filed . . . [a] timely motion" for a continuance. *United States v. Jameson*, 65 M.J. 160, 164 (C.A.A.F. 2007). In his affidavit, appellant suggests that his counsels' performance was deficient asserting they advised him not to submit his RFGOS in January 2018, and that if he "had submitted [his] resignation in January, [the] resignation would have been approved before [he] made a guilty plea at a court-martial (this is based on the actual amount of time the Department of the Army took to approve my resignation)." Appellant's assertion— which is largely based on hindsight and speculation—is without merit. First, there is no set time upon which the DASA must act on a RFGOS. *See* AR 600-8-24, para. 3-13e; AR 27-10, para. 5-26c. Second, had appellant submitted his RFGOS in January 2018, it would likely have been rejected as being in contravention of AR 600-8-24, para. 3-13a, because appellant's case was not preferred until 26 February 2018. This paragraph indicates in pertinent part that an officer may submit a RFGOS once court-martial charges have been preferred against the officer.

Appellant has also made no showing that if he had been advised properly, it would have been rational for him not to plead guilty. Rather, the record indicates the opposite in that it was objectively reasonable for appellant to have pleaded guilty for the benefit of a favorable pretrial agreement with the GCMCA.[5] The government's case was strong and included video surveillance capturing some of appellant's criminal activity. Additionally, appellant had no reason to believe his RFGOS would be approved given that his entire chain of command recommended against approval.

Accordingly, we find appellant has failed to establish that he would not have pleaded guilty but for his counsel's allegedly deficient advice and therefore, he has suffered no demonstrable prejudice.

*The Military Judge's Acceptance of the Guilty Plea*

In appellant's second assignment of error, he asserts that his guilty pleas were not provident because he did not understand the consequences of his pleas and pretrial agreement. Appellant alleges the military judge should have advised him that the GCMCA could not disapprove a finding of guilty of two specifications to which he pleaded guilty because their associated maximum punishment includes confinement exceeding two years. Based on this alleged error, appellant requests we find his plea improvident and set aside the findings and sentence.

The issue before this court is whether the military judge abused his discretion in accepting appellant's plea. *United States v. Murphy*, 74 M.J. 302, 305 (C.A.A.F. 2015) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). An abuse of discretion occurs when a military judge fails to obtain from an accused an adequate factual basis to support the plea or has an erroneous view of the law. *Id.*

We find no merit to appellant's assertion that the military judged erred. First, appellant's guilty plea did *not* preclude the DASA's approval of his previously submitted RFGOS post trial. *See Vance*, 2020 CCA LEXIS 112, at *16 (citing *United States v. Woods*, 26 M.J. 372, 375 (C.M.A. 1998)).

Second, the military judge was not obligated to walk appellant through the process of administrative separation or the GCMCA's post-trial authority in order to find his pleas provident. As we recently noted in *Vance*, "administrative discharges, to include those resulting from a discharge in lieu of a court-martial, are collateral

---

[5] Appellant bargained for a pretrial agreement that reduced his total number of potential convictions from seven to four and significantly capped the amount of confinement time to which he could be sentenced.

administrative matters."[6] *See Vance*, 2020 CCA LEXIS 112, at *12. To show the military judge erred in accepting his guilty plea, appellant must demonstrate his "misunderstanding of the consequence (a) results foreseeably and almost inexorably from the language of a pretrial agreement; (b) is induced by the trial judge's comments during the providence inquiry; or (c) is made readily apparent to the judge, who nonetheless fails to correct that misunderstanding." *United States v. Bedania*, 12 M.J. 373, 376 (C.M.A. 1982).

Nothing in the record supports that one of these conditions has been met. Appellant clearly understood and accepted the terms of his pretrial agreement, which was not conditioned upon his RFGOS. Moreover, during the providence inquiry, the military judge neither induced a misunderstanding nor failed to correct a misunderstanding on the part of appellant regarding the acceptance of his RFGOS. Having thoroughly reviewed the record, we find appellant completed a knowing, voluntary, and intelligent plea of guilty to the charged offenses, including a proper inquiry pursuant to *United States v. Care*, 40 C.M.R. 247 (1969).

*Effecting the Secretary's Approval of the RFGOS*

Although we reject appellant's assertions, our analysis continues in order to determine how to give effect to the DASA's approval of appellant's RFGOS. The GCMCA properly approved the findings and sentence, in accordance with the SJA's sound post-trial recommendation. The DASA also properly executed her authority, approving appellant's RFGOS and ordering an administrative discharge just as she did in *Vance*. *See* 2020 CCA LEXIS 112, at *21; *see also* Army Reg. 600-8-24, para. 3-13h. As such, we have a valid court-martial conviction and a valid administrative discharge issued by a proper authority. Following the rationale in *Vance*, we set aside appellant's dismissal to give effect to the administrative discharge. *See* 2020 CCA LEXIS 112, at *18-19.

---

[6] As we did in *Vance*, we decline appellant's invitation to treat action on appellant's RFGOS in the same fashion as the requirement to register as a sex offender. *Vance*, 220 CCA LEXIS 112, at *12 (this court distinguishing *United States v. Riley*, 72 M.J. 115 (C.A.A.F. 2013)). Likewise, we reject appellant's notion that the effect of a guilty plea on a pending administrative discharge is analogous to the direct collateral consequence of deportation as a result of a guilty plea. *See Lee v. United States*, 137 S. Ct. 1958 (2017). Whereas a guilty plea to a sexual offense brings about the direct consequence of the obligation to register as a sex offender and a guilty plea by those in certain immigration statuses may directly result in deportation by operation of law, appellant's guilty plea bore no effect on the DASA's prerogative to approve or deny his RFGOS.

## CONCLUSION

Having thoroughly reviewed the record and in light of the reasons set forth above, the findings are hereby AFFIRMED. As the adjudged dismissal is the only approved portion of the sentence, the sentence is SET ASIDE. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58(b)(c) and 75(a).

Senior Judge ALDYKIEWICZ and Judge WALKER concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court