*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

─────────────

## UNITED STATES
Appellee

**v.**

## Ladarion D. STANTON, Airman First Class
United States Air Force, Appellant

### No. 19-0449
Crim. App. No. 39161

Argued October 27, 2020—January 13, 2021

Military Judge: J. Wesley Moore

For Appellant: *Captain Amanda E. Dermady* (argued); *Captain Brian L. Mizer*, JAGC, USN (on brief); *Mark C. Bruegger*, Esq.

For Appellee: *Mary Ellen Payne*, Esq. (argued); *Colonel Shaun S. Speranza* and *Lieutenant Colonel Brian C. Mason* (on brief).

Judge MAGGS delivered the opinion of the Court, in which Chief Judge STUCKY, Judges OHLSON and SPARKS, and Senior Judge EFFRON, joined.

─────────────

Judge MAGGS delivered the opinion of the Court.

Appellant asks that his "case be dismissed with prejudice for breach of a material term of [his] pretrial agreement with the convening authority."[1] Appellant argues that he and the

───────────────

[1] Stated in full, the assigned issue is:

> The convening authority and Appellant entered into an agreement that Appellant would be administratively discharged in lieu of the sentence rehearing authorized by the lower court. The convening authority then proceeded with Appellant's court-martial by approving a sentence of "no punishment" and forwarding this case to the lower court for further appellate review. Should this case be dismissed with prejudice for breach of a material term of Appellant's pretrial agreement with the convening authority?

convening authority formed the alleged pretrial agreement when he requested an administrative discharge in lieu of trial by court-martial and the convening authority approved this request. Appellant asserts that a material term of this alleged pretrial agreement was that the convening authority would vacate an affirmed finding that Appellant was guilty of an offense for which Appellant was facing a rehearing on sentencing. Appellant contends that the convening authority breached this material term when he approved a sentence of no punishment instead of vacating the finding of guilt and dismissing the charge and specification with prejudice.

For reasons that we explain below, we conclude that the convening authority's approval of Appellant's request for a discharge in lieu of trial by court-martial was not a "pretrial agreement" within the meaning of the Rules for Courts-Martial (R.C.M.). We further conclude that, although the convening authority made some other kind of agreement with Appellant, the convening authority did not expressly or implicitly promise to vacate the finding of guilt and dismiss the charge and specification. We therefore answer the assigned issue in the negative and affirm the finding and the sentence in this case.

**I. Background**

A general court-martial found Appellant guilty of two specifications of sexual assault, one specification of aggravated sexual contact, and one specification of larceny of non-military property of a value of $500 or less, in violation of Articles 120 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 921 (2012). The court-martial sentenced Appellant to a dishonorable discharge, confinement for ninety-six months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand. The convening authority approved the sentence as adjudged.

In Appellant's first appeal, the United States Air Force Court of Criminal Appeals (AFCCA) affirmed the finding with respect to the larceny specification, but set aside the findings

---

*United States v. Stanton*, 80 M.J. 55 (C.A.A.F. 2020) (order granting review).

on the sexual assault and aggravated sexual contact specifications. *United States v. Stanton*, No. ACM 39161, 2018 CCA LEXIS 70, at \*32, 2018 WL 1176463, at \*10 (A.F. Ct. Crim. App. Feb. 7, 2018) (unpublished). The AFCCA also set aside the sentence. *Id.*, 2018 WL 1176463, at \*10. The AFCCA remanded the case for further proceedings and authorized a rehearing as to the findings that it had set aside and as to the sentence. *Id.*, 2018 WL 1176463, at \*10.

On remand, the convening authority initially ordered a rehearing on findings on the set aside charge and specifications and on the sentence. The convening authority, however, later withdrew and dismissed without prejudice the set aside charge and specifications. Before the rehearing on the sentence occurred, Appellant requested an administrative discharge in lieu of trial by court-martial. *See* Dep't of the Air Force, Instr. 36-3208, Administrative Separation of Airmen para. 4.1.1. (July 9, 2004) [hereinafter AFI 36-3208] ("Airmen may be discharged under this provision if they . . . [a]re subject to trial by court-martial; and . . . [r]equest discharge in lieu of trial."). Appellant made this request in a one-page memorandum that he submitted to the convening authority. The first paragraph stated: "I request that I be discharged from the United States Air Force according to AFI 36-3208, Chapter 4, in lieu of trial by court-martial." In the remaining paragraphs, Appellant acknowledged that he understood the offense with which he was charged, that he might be discharged under other than honorable conditions, and that if he were tried by a summary court-martial, he could not receive a punitive discharge. He also acknowledged that he had been afforded the right to consult legal counsel and had received a Privacy Act statement. Appellant and his defense counsel signed this document.

The convening authority approved the request in a memorandum stating simply: "The request for discharge in lieu of trial by court-martial submitted by A1C Ladarion D. Stanton, under AFI 36-3208, Chapter 4, is approved. I direct A1C Stanton be discharged with an Under Other Than Honorable Conditions service characterization." The convening authority

signed this memorandum, and Appellant was administratively discharged.[2] Two days later, the convening authority signed an order in which he found that a sentencing rehearing on the larceny offense was impracticable and in which he approved a sentence of "no punishment."

In his second appeal to the AFCCA, Appellant argued that the convening authority's approval of his administrative discharge had the effect of dismissing the larceny specification. *See United States v. Stanton*, No. ACM 39161 (reh), 2019 CCA LEXIS 306, at *5, 2019 WL 3409927, at *2 (A.F. Ct. Crim. App. July 16, 2019). The AFCCA, however, rejected this argument, concluding that an administrative discharge does not terminate appellate jurisdiction over a court-martial and that the convening authority did not dismiss the larceny specification. *Id.* at *5–7, 2019 WL 3409927, at *2–3. The AFCCA also rejected Appellant's argument that he and the convening authority had formed an agreement in which Appellant had agreed to accept an administrative discharge in exchange for the convening authority's setting aside the finding that he was guilty of larceny and dismissing the charge. *Id.* at *8–10, 2019 WL 3409927, at *4. The AFCCA reasoned that the convening authority had no power to set aside the finding of guilt because it had already been affirmed on appeal. *Id.* at *9–10, 2019 WL 3409927, at *4. The AFCCA also reasoned that Appellant did not present evidence proving that the convening authority had agreed to set aside or dismiss the larceny conviction as a condition of Appellant's administrative discharge. *Id.* at *10, 2019 WL 3409927, at *4. Accordingly, the AFCCA declined to set aside the finding on the larceny charge and specification, and affirmed the sentence of no punishment. *Id.* at *2–3, 2019 WL 3409927, at *1.

---

[2] The parties do not explain in their briefs how Appellant's memorandum requesting a discharge or the convening authority's memorandum approving the request are part of the "record" as defined in R.C.M. 1103(b)(2) or are "[*m*]*atters attached to the record*" as defined in R.C.M. 1103(b)(3). *See United States v. Jessie*, 79 M.J. 437, 440–41 (C.A.A.F. 2020) (discussing what courts may review on appeal). We consider these documents in this case without ruling on this issue because neither party has objected to our consideration of them.

We granted Appellant's petition for review of the AFCCA's decision. Before addressing Appellant's arguments to this Court, we note that Appellant also contested the finding and sentence from his court-martial in another forum. While his case was pending before the AFCCA, Appellant sued the convening authority and others in the United States District Court for the District of Columbia, claiming that his larceny conviction did not survive his administrative discharge.[3] *See Stanton*, 2020 U.S. Dist. LEXIS 59040, at *1, 2020 WL 1668039, at *1. The district court rejected Appellant's argument with reasoning nearly identical to that of the AFCCA. The district court determined that the convening authority had no power to set aside the finding that he was guilty of the larceny specification because the AFCCA had already affirmed it. *Id.* at *16, 2020 WL 1668039, at *6. In addition, the district court rejected Appellant's contention that he did not receive the "benefit of his bargain" in requesting a discharge in lieu of trial by court-martial. *Id.* at *19, 2020 WL 1668039, at *7. The district court reasoned that this case differed from a typical case in which an accused requests a discharge in lieu of trial by court-martial. *Id.*, 2020 WL 1668039, at *7. The district court explained that in a typical case, the accused makes the request for a discharge before trial but here the accused made the request after the trial had already occurred and the finding of guilt had already been affirmed. *Id.*, 2020 WL 1668039, at *7. The district court concluded that in the circumstances of this case, Appellant did receive the benefit of his bargain, stating: "Here, Stanton's sentence was abated, which was the appropriate outcome for a discharge in lieu of a re-sentencing hearing." *Id.* at *21, 2020 WL 1668039, at *7.

---

[3] Appellant initially styled this lawsuit as a petition for a writ of habeas corpus. *See Stanton v. Jacobson*, Civil Case No. 19-699 (RJL), 2020 U.S. Dist. LEXIS 59040, at *1 n.1, 2020 WL 1668039, at *1 n.1 (D.D.C. Apr. 3, 2020). The district court held that it did not have jurisdiction to grant a writ of habeas corpus because 28 U.S.C. § 2241(c) precludes granting habeas relief unless a petitioner is in custody. *Id.*, 2020 WL 1668039, at *1 n.1. The district court, however, determined that it could entertain a collateral attack in the exercise of its federal question jurisdiction under 28 U.S.C. § 1331. *Id.*, 2020 WL 1668039, at *1 n.1.

**II. Discussion**

A. Jurisdiction

This Court has jurisdiction to address the assigned issue, which, to repeat, is whether "this case [should] be dismissed with prejudice for breach of a material term of Appellant's pretrial agreement with the convening authority." We agree with the AFCCA's decision that Appellant's discharge during the pendency of the court-martial proceedings did not remove him from the jurisdiction of the court-martial, the AFCCA, or this Court. *See United States v. Davis*, 63 M.J. 171, 177 (C.A.A.F. 2006) (holding that an administrative discharge while a rehearing is pending does not terminate jurisdiction over the person of the accused). We recognize that this Court does not have jurisdiction to disturb administrative discharges. *See Clinton v. Goldsmith*, 526 U.S. 529, 535–36 (1999) (holding that this Court did not have jurisdiction to enjoin the administrative separation of a servicemember). But Appellant has not asked us to take any action with respect to his administrative discharge. Instead, Appellant requests only that we set aside the finding of guilt on a larceny specification and the sentence of no punishment that the AFCCA affirmed in this case. Article 67(c), UCMJ, 10 U.S.C. § 867(c) (2018), expressly grants this Court jurisdiction to act on such requests. And in exercising such jurisdiction, we have previously considered precisely the kind of argument that Appellant now makes, namely, that a convening authority breached a term of a pretrial agreement. *See United States v. Lundy*, 60 M.J. 52, 60 (C.A.A.F. 2004) (holding that remedial action is required when the government does not fulfill a material provision in a pretrial agreement).

B. Pretrial Agreement

Appellant contends that he formed a "pretrial agreement" with the convening authority when he submitted his request for a discharge in lieu of trial by court-martial and the convening authority approved this request. Focusing on the words "in lieu of" in the phrase "in lieu of trial by court-martial," Appellant contends that the "plain reading" of this agreement was that he would be administratively discharged and in exchange there would be no sentencing rehearing, the finding on the larceny specification would be set aside, the

larceny specification would be dismissed, and he would no longer have a criminal conviction. According to Appellant, this bargain was beneficial to the Government because a court-martial was unlikely to adjudge a punitive discharge at a rehearing on the sentence.

We do not dispute that Appellant's request for an administrative discharge, and the convening authority's approval of it, might be characterized as an agreement of some type. Indeed, both the AFCCA and the district court appear to have accepted Appellant's contention that he and the convening authority had formed a "bargain" in this case. *Stanton*, 2019 CCA LEXIS 306, at *9–10, 2019 WL 3409927, at *3; *Stanton,* 2020 U.S. Dist. LEXIS 59040, at *18–19, 2020 WL 1668039, at *6–7. In addition, in *United States v. Woods*, 26 M.J. 372, 374 (1988), we previously described an officer's request for dismissal in lieu of trial by court-martial and the approval of that request as an "agreement."

We disagree, however, with Appellant's argument that he and the convening authority formed a "pretrial agreement" within the meaning of the R.C.M. The argument is incorrect because R.C.M. 705 imposes specific parameters on pretrial agreements, and Appellant's request for a discharge in lieu of trial by court-martial and the convening authority's approval of that request do not fit within these parameters. In our view, Appellant is attempting to fit a square peg into a round hole.

To form a pretrial agreement, the accused must submit a written offer to the convening authority. R.C.M. 705(d)(2). This written offer must propose a bilateral agreement in which the defense and the government each make promises to the other. On one side, the proposed agreement may include "[a] promise by the accused to plead guilty to, or to enter a confessional stipulation as to one or more charges and specifications, and to fulfill such additional terms or conditions which may be included in the agreement and which are not prohibited under this rule." R.C.M. 705(b)(1). On the other side, the proposed agreement may include:

> [a] promise by the convening authority to do one or more of the following:

(A) Refer the charges to a certain type of court-martial;

(B) Refer a capital offense as noncapital;

(C) Withdraw one or more charges or specifications from the court-martial;

(D) Have the trial counsel present no evidence as to one or more specifications or portions thereof; and

(E) Take specified action on the sentence adjudged by the court-martial.

R.C.M. 705(b)(2).

Appellant's memorandum to the convening authority is not such an offer. As described above, the memorandum requests an administrative discharge and makes various acknowledgments about the circumstances surrounding the request. The request does not propose an agreement in which Appellant will promise to plead guilty, make a confession, or fulfill any other term, and in which the convening authority will make any of the authorized kinds of promises.

In addition, in a pretrial agreement, "[a]ll terms, conditions, and promises between the parties shall be written." R.C.M. 705(d)(2). While we recognize that a written agreement may contain some implied terms, and may incorporate other terms by reference, what Appellant is arguing simply goes too far. We see nothing in Appellant's written request for a discharge, the convening authority's written approval of the request, or in AFI 36-3208 that indicates that the convening authority would vacate or set aside Appellant's affirmed larceny conviction. Appellant nonetheless contends that the "reasonable understanding of both A1C Stanton and the Government was that A1C Stanton's administrative discharge . . . was in place of continuing with his court-martial." But in our view, to find such a term not in the text of these documents, but instead based on inferences about what the parties understood the words "in lieu of" to mean, would contradict

the writing requirement of R.C.M. 705(d)(2). For these reasons, we conclude that Appellant and the convening authority did not form a pretrial agreement under R.C.M. 705.[4]

## C. Another Type of Enforceable Agreement

Although Appellant and the convening authority did not form a "pretrial agreement" within the meaning of R.C.M. 705, the question arises whether they may have formed some other type of agreement that this Court might enforce. In *Woods*, an officer submitted a request to resign in lieu of trial by court-martial shortly after referral of the charges to a general court-martial. 26 M.J. at 373. While the Secretary of the Army was reviewing the request, the court-martial tried the officer, found him guilty, and sentenced him to dismissal and confinement for seven months. *Id.* After the convening authority approved the finding and sentence, but before his appeal was resolved, the Secretary of the Army approved the officer's request and administratively discharged the officer. *Id.* The officer contended that the administrative discharge abated the case, and this Court agreed. *Id.* at 375. We held that "a court-martial can neither deprive the Secretary of his powers nor defeat a lawful agreement between an accused and the Secretary." *Id.* We therefore concluded that the court-martial could not dismiss the officer. *Id.* Under *Woods*, therefore, an approved request for an administrative discharge is an agreement that this Court can enforce.

The Government questions whether *Woods* is still valid after the Supreme Court's decision in *Goldsmith*, 526 U.S. 529, which the Government argues "reinforced this Court's very limited ability to address administrative matters." In this case, however, we need not decide whether *Goldsmith* limited our decision in *Woods*. Even if we presume that *Woods* is still

---

[4] Because we conclude that Appellant and the convening authority did not form a pretrial agreement, we need not consider additional questions such as whether the alleged agreement contains prohibited terms. *See* R.C.M. 705(c)(1)(B) (prohibiting terms that deprive the accused, among other things, of the right to complete sentencing proceedings); *United States v. Montesinos*, 28 M.J. 38, 45 (C.M.A. 1989) (stating that a convening authority lacked power on remand to set aside a finding of guilt because the remanding court had not authorized the convening authority to set aside the finding).

valid precedent, we still do not believe that the convening authority did anything improper.

When Appellant requested a discharge "in lieu of trial by court-martial" and the convening authority approved that request, we believe that the "trial" to be avoided was the resentencing hearing, not the entire court-martial. A resentencing hearing is a "trial" in the sense that it is a "formal judicial examination of evidence and determination of legal claims in an adversary proceeding." *Black's Law Dictionary* 1812 (11th ed. 2019) (entry for "trial"). The convening authority logically could approve an administrative discharge "in lieu of" a resentencing hearing because the resentencing hearing had not yet occurred. And that is apparently what the convening authority intended, as evidenced by the civilian defense counsel's admission that he knew the convening authority was not going to disturb the findings. In contrast, we have difficulty seeing how the convening authority could approve an administrative discharge in lieu of the trial on the merits of the larceny specification because that part of the court-martial had already occurred, the court-martial had found Appellant guilty, the convening authority had approved the finding, and the AFCCA had affirmed the finding. Looking at the entire circumstances, we agree with the district court's view that Appellant received what he requested: "Stanton's sentence was abated, which was the appropriate outcome for a discharge in lieu of a re-sentencing hearing."[5] *Stanton*, 2020 U.S. Dist. LEXIS 59040, at *21, 2020 WL 1668039, at *7.

## D. Additional Discussion

In this case, we decide that the convening authority did not violate a material term of a pretrial agreement or any other agreement. In reaching this conclusion, we take no position in this opinion on whether convening authorities should or should not approve discharges in lieu of trial by court-martial when a case is remanded for resentencing. We are concerned, however, that such requests and approvals might

---

[5] The parties have not addressed whether this Court must follow the district court's decision as a matter of issue preclusion. Given that we agree with the district court, we see no need to raise the question of issue preclusion sua sponte.

again arrive at an appellate court, as it did in this case, without review first by a military judge and without any clear indication of how the administrative discharge paperwork became part of the record. Absent further guidance on these subjects by amendments to the UCMJ, the R.C.M., or applicable service regulations, the counsel on both sides may face uncertainty regarding any such arrangements.[6]

### III. Conclusion

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

---

[6] Future cases, for example, might raise issues regarding the voluntariness of arrangements that effectively waive sentencing proceedings and the role of the military judge in assessing the voluntariness and the content of such arrangements. We do not address those issues in this case because the parties have not raised them.